# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                        CR No. 06-2253 JC

FRANCISCO GAMBINO-ZAVALA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Defendant's Sentencing Memorandum and Objections to the Pre-Sentence Report* (Doc. 35) filed on June 1, 2007 ("Motion"). The Defendant has raised numerous issues in the Motion, essentially arguing that the four sentencing enhancements have been improperly applied. The Court, having considered the Motion, the parties' submissions, the relevant authority, and having held an evidentiary hearing on August 29, 2007, denies the Motion.

**I.**     **Background**

The facts surrounding Defendant's arrest and the subsequent search of the apartment were previously set forth in the Court's Memorandum Opinion and Order dated March 1, 2007 (Doc. 28). On March 13, 2007, Defendant pled guilty to "knowingly possess[ing] in and affecting interstate commerce a High Standard 12 Gauge shotgun, model K-1200, serial number 14818 and ammunition," in violation of 18 U.S.C. § 922(g)(5) and 18 U.S.C. § 924(a)(2). At the time of the plea, Defendant admitted to the essential elements described in the Indictment. He did not, however, admit to committing any other prohibited acts or offenses other than that which the Indictment

describes. *See* Plea Agreement, filed March 13, 2007 (Doc. 31).

On June 1, 2007, Defendant filed the Motion, objecting to each of the four (4) sentencing enhancements recommended by probation in the Presentence Investigation Report ("PSR").[1] With the additional enhancements, and after a three level adjustment for acceptance of responsibility, the offense level is 25 and the criminal history category is I, providing a guideline imprisonment range of 57-71 months. Defendant objected to paragraphs 18 and 19 of the PSR, arguing that there is not sufficient evidence before the Court to demonstrate that the unregistered shotgun falls within the definition of a firearm or shotgun as set out in 26 U.S.C. § 5845(a) and further that: 1) there is no evidence that he was in exclusive or constructive possession of a total of three firearms, two of which, though reported stolen, were found after the officers performed the public safety sweep and found the unregistered shotgun; 2) there is no evidence that Defendant had knowledge of the heroin which was recovered from the apartment or that any of the firearms were possessed in connection with any drug trafficking offense; 3) the recommended sentence enhancements are based on evidence which was illegally seized without a warrant; 4) based upon the fifth and sixth

---

[1]The following enhancements were deemed applicable by probation:

(1) Section 2K2.1(a)(4)(B) states that the base offense level is 20 "if the (i) offense involved a . . . (II) firearm that is described in 26 U.S.C. § 5845(a); and (ii) defendant (I) was a prohibited person at the time the defendant committed the instant offense . . . ." USSG 2K2.1(a)(4)(B).

(2) Section 2K2.1(b)(1)(A) states that a defendant's offense level should be increased by two levels if "the offense involved between three and seven firearms." USSG 2K2.1(b)(1)(A).

(3) Section 2K2.1(b)(4) states that a defendant's offense level should be increased by two levels if "any firearm in (A) was stolen." USSG 2K2.1(b)(4).

(4) Section 2K2.1(b)(6) states that a defendant's offense level should be increased by four levels if "the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . ." USSG 2K2.1(b)(6).

amendments, the Court must not impose any sentence enhancements utilizing facts which were not alleged in the indictment, admitted by the Defendant or proven beyond a reasonable doubt; and 5) Defendant objects to the entire PSR to the extent that it only briefly considers the 3553(a) factors in its final calculation.  Defendant requested that the Court impose a guideline sentence of twenty-four months.  On June 13, 2007, the government filed the *Government's Sentencing Memorandum and Response to Defendant's Objections to the Presentence Report* (Doc. 36).

At the evidentiary hearing on August 29, 2007, the government proffered the testimony of special agent James Kraus to support the upward enhancements proposed in the PSR.  Through his testimony, the government presented evidence that 1) Defendant was a lessee of the apartment, 2) Defendant legally exercised dominion and control over the apartment, 3) there were three firearms found at the apartment (qualifying Defendant as eligible for a sentencing enhancement), 4) two of the firearms were reported stolen (qualifying Defendant as eligible for a sentencing enhancement), 5) the shotgun to which Defendant pled guilty of possessing had a barrel of 16 inches in length (qualifying the Defendant for a sentencing enhancement), 6) while in possession of the unregistered shotgun, the Defendant was in possession of the 253.4 grams of heroin found in the kitchen cabinet, which was consistent with a distributable amount (qualifying Defendant for a sentencing enhancement), 7) the Albuquerque Police Department's re-entry into the apartment, though likely constitutionally impermissible, served a care-taking function and 8), even if the re-entry was illegal, *U.S. v. Ryan* allows the recovered evidence to be admitted so long as the purpose of using the evidence is not to enhance a sentence.

In responding to the proffered testimony, Defendant reiterated some of his previous objections to the upward enhancements, arguing that the government "has not met its burden of proving the three factors which they allege to enhance his sentence; namely, there is no evidence

that Mr. Gambino-Zavala was in constructive possession of any firearms, he was not in constructive possession of firearms that were stolen, and he was not in possession of narcotics." See Transcript of Hearing, at 24:22-25:2 (taken August 29, 2007).[2]

## II.  Legal Standard

It is the burden of the United States to establish facts necessary for an upward adjustment. *See United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir. 1990)("We recently decided that the quantum of proof required for factual determinations under the Sentencing Guidelines is a preponderance of the evidence and the burden of proof generally is allocated to the government for sentence increases and to the defendant for sentence decreases.")(citation omitted).  Thus, the government has the burden of proof if the defendant does not admit to the facts supporting the enhancements; however, the government need prove such enhancements only by a preponderance of the evidence. *Id*; *see, also, United States v. Shinault*, 147 F.3d, 1266, 1278 (10th Cir. 1998)(stating the government must prove the facts upon which it bases a sentencing enhancement by a preponderance of the evidence).

## III.  Discussion

As a preliminary matter, with respect to Paragraph 18 of the PSR, Defendant first argues that there is not sufficient evidence before the Court to demonstrate that the shotgun falls within the definition of a firearm or shotgun as set out in 26 U.S.C. § 5845(a).  This section provides the following definition of firearm:

> (a) Firearm. The term 'firearm' means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as

---

[2]The Court's citation to the transcript of the hearing are in reference to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length;

In its response to the Motion, the Government has attached as Exhibit 3 a Report of Investigation by senior special agent Frank Ortiz, which concludes that the unregistered firearm is made from a shotgun as defined under § 5845(a)(2) above. Defendant has not contested the agent's finding. Therefore, the Court finds that a four-level enhancement is warranted, creating a base offense level of 20.

### A.   Constructive Possession

With respect to the additional sentencing enhancements, the crucial question for the Court is whether or not Defendant was in constructive possession of the premises and ultimately any firearms or contraband. In most cases, dominion, control, and knowledge may be inferred where a defendant has exclusive possession of the premises; however, "joint occupancy alone cannot sustain such an inference." *United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994). Defendant argued that the government cannot prove by a preponderance of the evidence that Defendant knowingly held the power to exercise dominion or control over either the firearms or the heroin, given that he was an overnight guest who had no personal connection to the apartment and that nobody had ever seen Defendant with the contraband and further that his fingerprints were not recovered off any of these items.

The government has produced evidence, namely a Mexico Drivers License, identifying the Defendant as Victor Quintero Feliz. In addition, the government has attached a copy of the apartment lease agreement to its response. The Defendant, aka Victor Quintero, is a lessee of apartment # J at 3616 Crest SE. Since it is established that he was a lessee of this apartment, and he admittedly possessed the unregistered shotgun, the plausible inference offered by the government

is that Defendant also possessed the other stolen firearms and the heroin.

In cases of joint occupancy, "where the government seeks to prove constructive possession by circumstantial evidence, it must present evidence to show some connection or nexus between the defendant and the firearm or other contraband." *Mills*, 29 F.3d at 549. "While caution must be taken that the conviction not be obtained by piling inference on inference, an inference of constructive possession is reasonable if the conclusion flows from logical and probabilistic reasoning." *United States v. Lazcano-Villalobos*, 175 F.3d 838, 843 (10th Cir. 1999) (internal quotation marks omitted). "Under Tenth Circuit precedent, where the defendant in a joint occupancy situation has knowledge of and access to the weapons, there is a sufficient nexus to infer dominion or control. It is not necessary to show that the defendant actually owned the weapons - mere possession is enough." *United States v. Ledford*, 443 F.3d 702, 714 (10th Cir. 2005) (citing *United States v. Colonna*, 360 F.3d 1169, 1179 (10th Cir. 2004)).

In *Mills*, although the government presented evidence that the defendant had dominion and control over the dining room where firearms were found, it failed to establish the defendant knew the firearms were hidden within a compartment of the dining room table. The Tenth Circuit, in adopting the reasoning of the 5th Circuit case of *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993), held that control or dominion over the place in which contraband or an illegal item is found by itself is not enough to establish constructive possession. The Circuit held that "[t]he government had to come forward with evidence to connect Mills with knowing constructive possession of the firearms extending beyond his handling them a week before." *Mills*, 29 F.3d at 550. Here, the government's argument that Defendant legally exercised dominion and control over the premises does not by itself satisfy its burden in a joint occupancy case.

The case of *United States v. Ruckman*, No. 02-7074, 2003 U.S. App. LEXIS 2051 (10th Cir.

6

2003 Feb. 5, 2003) is illustrative here. There, Oklahoma authorities executed a search warrant at the home of the defendant and his wife. The defendant was subsequently indicted on three counts of being a felon in possession of firearms. The defendant pled guilty to Count I concerning possession of a 7mm rifle. At sentencing, the district court determined he possessed twenty-five additional firearms and partially enhanced his sentence for this reason pursuant to U.S.S.G. § 2K2.1(b)(1)(E). The Tenth Circuit affirmed the district court in finding that the government established the requisite nexus between defendant and the firearms located in the defendant's bedroom. The Tenth Circuit held that Defendant's close proximity to the firearms, the open manner in which many of the firearms were stored, his possession of the key to the locked gun safe, and the proximity of the firearms to the firearm he pled guilty to possessing were "more than sufficient to establish his connection to the firearms." *Id.* at *5.

An examination of the record indicates that the Defendant was arrested just outside of a one-bedroom apartment. The Defendant admitted to possessing an unregistered shotgun that was found in the bedroom closet that he contends was occupied by another person, Jesus Molina. The .38 revolver was discovered in a living room closet in the same room where the Defendant argued he was staying. Transcript of Hearing, at 15:17-23. The AK-47 assault rifle was found under a bed in the lone bedroom, the same room where the unregistered shotgun was found in a closet in plain-view. Further, the proffered testimony indicated that ammunition of various calibers was found in plain-view in the same bedroom closet that contained the unregistered shotgun to which Defendant pled guilty.[3] Clearly, the Defendant was alerted to the distinct possibility of additional firearms on the premises. A conviction based upon constructive possession will be upheld "only when there [is]

---

[3] See Transcript of Hearing, at 5:7-15.

some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon[s] or contraband." *Mergerson*, 4 F.3d at 349.   Here, there is evidence to support an inference that the Defendant was aware of the presence of additional firearms and, given his status as a lessee, had continual access to them.[4]   The Government has presented sufficient evidence to show a nexus between the Defendant and the additional firearms.[5]  Therefore, the two separate enhancements, one for possession of a stolen firearm, and the other for possession of between three and seven firearms, are warranted.

With respect to the four-level enhancement for possession of a firearm in connection with another felony offense, Defendant argues that there is no evidence that he actually or constructively possessed the heroin.  Additionally, Defendant argues that the presence of a firearm at the scene of a drug trafficking crime is not sufficient to establish that a weapon was possessed in connection with the alleged offense.  The government asserts that the presence of the contraband on defendant's premises is considered "relevant conduct" as defined in U.S.S.G. § 1B1.3, such that it relates to the

---

[4] The fact that the investigating officers did not find any of Defendant's clothing, mail or other items consistent with occupants of a residence would be more troubling if the government could not show Defendant to be a lessee of the apartment.

[5] Another important Tenth Circuit case is *United States v. Vanhook*, No. 04-2000, 2005 U.S. App. LEXIS 7944 (10th Cir. May 4, 2005).  There, the government's theory at trial was that the defendant constructively possessed at least one of the firearms found in a residence in which three individuals lived.  As this was a joint occupancy case, the court held that the mere fact that defendant may have had control over the premises where the firearms were found was insufficient to establish his constructive possession of them. Consequently, the government was required to show, by direct or circumstantial evidence, some connection or nexus individually linking defendant to at least one of the firearms. A police officer testified concerning the layout of the home and stated nothing prevented its occupants from accessing every room of the house, including the owner's bedroom. The Court held that a jury could have reasonably inferred from this testimony that although defendant slept on the living room couch, he kept his personal belongings in the unfurnished bedroom and therefore could easily access the owner's bedroom through the closet.

offense of conviction (possession of the shotgun). As stated in the commentary to the Guidelines, "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3 cmt. background. The phrase "relevant conduct" comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct. *United States v. Allen*, 488 F.3d 1244, 1254-55 (10th Cir. 2007). Although "relevant conduct" includes more than just the conduct for which a defendant was convicted, it has limits: the conduct must relate to the offense of conviction. *Id.* at 1255. In assessing whether conduct is sufficiently related to the offense of conviction, courts ask "whether there is a strong relationship between the uncharged conduct and the convicted offense, focusing on whether the government has demonstrated a significant similarity, regularity, and temporal proximity." *Id.* (internal citations and quotations omitted). Essentially, the government asks the Court to conclude that the presence of all the weapons, ammunition and the narcotics was part of the same course of conduct and thus there is a significant similarity between the uncharged conduct of felony possession of 253.4 grams of heroin, which quantity clearly exceeds an amount consistent with personal use, possession of a total of three firearms, two of which were stolen, and the convicted offense of possession of a shotgun by an undocumented immigrant.[6] Upon careful consideration of the circumstances surrounding the facts of this case, the Court finds

---

[6] In *Vanhook*, the government also established through the owner of the property's testimony that drug dealers use guns to protect themselves. While this principle (that drugs and guns often go together), standing alone, does not allow a jury to infer a defendant's constructive possession of a weapon based on his or her possession of drugs, *see United States v. Hishaw*, 235 F.3d 565, 573 (10th Cir. 2000), it is reasonable to infer based on all of the evidence at trial that the defendant, who was selling crack cocaine out of the owner's home, had knowledge of and access to the firearms (which belonged to the owner of the home) hidden within it. Conversely, it is reasonable here to infer that Defendant, who pled guilty to possession of a sawed-off shotgun, had knowledge of and access to the 253.4 grams of heroin in the kitchen of his one bedroom apartment.

that the presence of the heroin on the premises qualifies as relevant conduct. Defendant, as a lessee of the one bedroom apartment, had physical access to all areas of the premises. Consequently, there was proximity between the drugs and the gun and Defendant has pointed to no evidence to demonstrate it is clearly improbable that the heroin was connected to his possession of the unregistered sawed-off shotgun. Nothing in the case law of this Circuit or the Guidelines require that the drugs and gun be found in the same room of a residence.[7] Therefore, the additional four level enhancement is warranted.

**B.     Use of "Tainted Evidence"**

Defendant also claims that the additional weapons and the narcotics found in the apartment were products of an illegal search. In support of his argument, the Defendant relies heavily on *United States v. Gilmer*, 811 F. Supp. 578 (D.Colo. 1993), proposing that the exclusionary rule should apply at sentencing hearings where there is an unacceptably high incentive for police to violate the Fourth Amendment. The pivotal case in this area is *U.S. v. Ryan*, 236 F.3d 1268, 1272 (10th Cir. 2001), which held that under the law of the Tenth Circuit, as well as the law of other circuits to consider the issue, a district court may use the evidence obtained during the illegal search and seizure unless there is evidence that the officers' actions were done with the intent to secure an increased sentence. There does not appear to be any such evidence in this case.

Here, as in *Ryan*, there was no case pending against the Defendant; thus there was no potential sentence that the officers intended to enhance. The Defendant had outstanding traffic warrants and was arrested based upon them. Second, although the government concedes that the officers re-entry after the initial public-safety sweep was likely constitutionally impermissible, this

---

[7]*United States v. Seanez*, No. 06-2267, 2007 U.S. App. LEXIS 8413, at *10 (10th Circuit Apr. 10, 2007).

is not a situation where the officers blatantly violated Defendant's rights. The officers believed they had reasonable suspicion based on the telephone calls by numerous concerned citizens who indicated that they heard gunshots possibly coming from the apartment. By reentering the apartment, the officers merely wanted to ensure that if there were any other firearms in the apartment, none would be left behind for others to take or use. Therefore, the Court may consider the additional firearms and the heroin in applying the proffered sentencing enhancements.

### C. Request for Variance

Finally, Defendant argues that several of the statutory factors pertinent to the Court's analysis under *U.S. v. Booker* warrant a variance from the recommended Guideline sentence. Defendant argues that his age and his disadvantaged background with no prior convictions should be taken into account, along with his educational and employment history. Defendant has nine prior years of education in Mexico and claims he was employed as a cook for IHOP here in Albuquerque, although no records could be found to support this assertion. The Court has considered all of Defendant's arguments and nothing therein indicates that the presumptively reasonable guideline range, as calculated in the PSR, is anything other than an accurate reflection of all the factors the Court is required to considered. The favorable characteristics of the Defendant, such as his acceptance of responsibility as well as his lack of criminal history, have already been taken into account in the guideline sentence as calculated in the PSR. In addition, the Court will not award the Defendant one month credit against the sentence to be imposed here for any time he previously spent in state custody. Any credit or early release is a decision for the Bureau of Prisons.

## IV. Conclusion

The Court believes that a sentence within the guideline range as calculated in the PSR is reasonable and reflects the seriousness of the offense, promotes respect for the law, provides just

punishment, affords adequate deterrence and protects the public.  A sentence within this range is sufficient but not greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**WHEREFORE,**

I**T IS ORDERED** that the Court denies Defendant's Objections to the Presentence Report.

Dated September 5, 2007.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Larry Gomez
Acting United States Attorney

Reeve L. Swainston
Assistant United States Attorney

Counsel for Defendant:

Brian A. Pori, Esq.
Albuquerque, N.M.